UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2008-165 (WOB)

JERITTA HAYES                                              PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

KEVIN DYE, ET AL.                                         DEFENDANTS


This matter is before the court on the motion of plaintiff for leave to file a second amended complaint to add a party (Doc. #54).

The court heard oral argument on this motion on Thursday, June 3, 2010. Stephen Felson represented the plaintiff, and Jeff Mando represented the proposed new defendant, Ken Stevens. Mike Bartlett represented defendants Charles Biel, Bryan Bogard, and Amanda Donaldson. Tom Sweeney represented defendant Amber Conrad. Official court reporter Joan Averdick recorded the proceedings.

The court has carefully reviewed this matter and concludes that plaintiff's motion should be denied. Plaintiff seeks through the proposed second amended complaint to add as a new defendant Ken Stevens, a DEA agent who was involved in the events underlying plaintiff's claims herein. Stevens has not heretofore been named a defendant in this case, and plaintiff concedes that the applicable statute of limitations against him has expired.

The question thus arises whether plaintiff may avail herself of Fed. R. Civ. P. 15(c)(1)(C) to secure the relation back of her proposed claims against Stevens. This rule provides:

> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
> . . . .
>
> > **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party sought to be brought in by amendment:
> >
> > > **(I)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > **(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.**

*Id.* (emphasis added).

Plaintiff advances two theories for relation back under Rule 15(c)(1)(C). Plaintiff's motion states that she seeks to substitute Stevens for the previously named "John Doe" defendants. (Doc. #54) It is well-established, however, that the substitution of a named defendant, whose identity was previously unknown, for a John Doe defendant is not a "mistake" within the meaning of Rule 15(c)(1)(C), such that relation back does not apply. *See Moore v. Tennessee*, 267 Fed. App'x 450, 454 (6th Cir. 2008) (citing numerous cases so holding); *Force v. City*

2

*of Memphis*, No. 95-6333, 1996 WL 665609, at *3-*4 (6th Cir. Nov. 14, 1996); *Ford v. Hill*, 874 F. Supp. 149, 153-54 (E.D. Ky. 1995).

Plaintiff's second theory for relation back was not contained in her briefs, but was raised at oral argument. The proposed amendment, plaintiff now argues, is actually to substitute Stevens for a previously named defendant, Kevin Dye,[1] not for the John Doe defendants. In support of this theory, plaintiff argues that confusion over the contents of a dispatch recording caused plaintiff to believe that Officer Dye was the appropriate defendant when it was actually Officer Stevens who was referred to in that recording. Plaintiff states that she did not learn of this confusion until she took Stevens' deposition on March 4, 2010.

Plaintiff's second theory is unavailing. It is undisputed that plaintiff knew of the involvement of <u>both</u> Dye and Stevens in the events underlying this case, yet plaintiff did not name Stevens as a defendant within the limitations period. This is therefore not the classic "misnomer" situation contemplated by Rule 15(c)(1)(C), such as where a plaintiff names the wrong corporate entity but nonetheless serves the correct party in

---

[1] In conjunction with the present motion to amend, plaintiff moved to dismiss Dye and several other defendants. (Doc. #54) The motion to dismiss Dye and the others was granted by order dated March 31, 2010. (Doc. #59)

interest, who has notice of the action.  *See generally* 3 James Wm. Moore, *Moore's Federal Practice* § 15.19[3][d] (3d ed. Supp. 2009).  As this treatise states:

> In contrast, a conscious choice to sue one party and not another does not constitute a mistake and it not a basis for relation back.  This result is also justified on the grounds that, when the plaintiff sues one possible defendant but not another, the second defendant has no reason to believe that it was an intended party or, in other words, the second defendant does not possess actual or constructive knowledge that the action would have been brought against it, "but for a mistake concerning the proper party's identity."
>
> **Most courts have held that a lack of knowledge regarding the identity of the proper party does not constitute mistake.**  This strict definition of mistake is based in part of the view that the plaintiff should exercise due diligence in discovering the names of the defendants.

*Id.* (emphasis added).

Application of this rule to the present case is even more warranted than in cases where a plaintiff does not discover the identity of a potential defendant within the limitations period.  Here, plaintiff knew Stevens' identity and knew of his involvement in the disputed incident.  Plaintiff may have believed, until his deposition, that Stevens' role was a lesser one and that it was Dye who was instrumental in the alleged violation, but such confusion does constitute the mistake of identity contemplated by Rule 15.  A plaintiff may not choose to name one defendant over another known person and then later switch them because she comes to believe that the latter is more

4

culpable.[2]

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiff's motion for leave to file a second amended complaint to add a party (Doc. #54) be, and is hereby, **DENIED**.

This 4th day of June, 2010.



Signed By:
William O. Bertelsman WOB
United States District Judge

TIC: 30 min.

---

[2] The court thus need not address whether the other Rule 15 requirements of timely notice and lack of prejudice would be satisfied here.